IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01175-GPG

SAMUEL ESQUIRE HAMPTON,

    Plaintiff,

v.

B. KENNEDY, Bachus and Schanker,
JAMES OLSEN, Bachus and Schanker, and
ERIC AKRIDGE, Bachus and Schanker,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Samuel Esquire Hampton, resides in Colorado Springs, Colorado. He initiated this action by filing, *pro se*, a Complaint (ECF No. 1) in which he purports to assert a state law claim of legal malpractice against the Defendants.

    On May 15, 2017, Magistrate Judge Gordon P. Gallagher reviewed the Complaint and determined that if failed to allege an adequate basis to invoke this Court's subject matter jurisdiction. (ECF No. 4). Magistrate Judge Gallagher issued an Order directing Mr. Hampton to show cause, within 30 days, why this action should not be dismissed for lack of subject matter jurisdiction. (*Id.*). Plaintiff was warned that if he failed to respond to the show cause order by the deadline, this action would be dismissed without further notice. (*Id.*). Mr. Hampton has now failed to respond to the May 15 Order to Show Cause.

    The Court construes the Complaint liberally because Mr. Hampton is not represented by an attorney. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

However, a *pro se* party must follow the same procedural rules that govern other litigants. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). The Court has reviewed the Complaint and finds that this action must be dismissed for lack of subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). There are two statutory bases for federal subject matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331.

The federal courts have an independent obligation to determine whether subject matter jurisdiction exists. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Because federal courts are courts of limited jurisdiction, there is a presumption against its existence. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A federal district court may therefore raise the objection that it lacks jurisdiction on its own initiative, at any stage of the litigation. *See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.") *see also McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988) (The issue of subject matter jurisdiction may be raised sua sponte by the court at any time during the course of the proceedings.).

In his Complaint, Mr. Hampton does not allege conduct by a state actor occurring under color of law, nor does he assert any claims arising under the Constitution, federal laws, or treaties of the United States. Instead, Plaintiff complains of private conduct by private attorneys that implicates state tort law. Mr. Hampton therefore, cannot invoke this Court's jurisdiction on the basis of a federal question pursuant to 28 U.S.C. § 1331.

Instead, he must satisfy the diversity jurisdiction statute, 28 U.S.C. § 1332, to maintain his action in federal court.

A plaintiff properly invokes § 1332 jurisdiction when he or she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.   See 28 U.S.C. § 1332(a); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).   To demonstrate federal jurisdiction pursuant to § 1332, allegations of diversity must be pleaded affirmatively.   *See Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(1) (pleading must contain "a short and plain statement of the grounds for the court's jurisdiction").   Mr. Hampton fails to allege adequately a basis for exercising diversity jurisdiction over his state law claim.   He alleges that he and the Defendants are all residents of Colorado.   Plaintiff further alleges that the amount in controversy is approximately $16,000.   This action will be dismissed because the allegations of the Complaint are insufficient to invoke the Court's diversity jurisdiction.   Accordingly, it is

ORDERED that the Complaint and this action are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal.   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.   *See Coppedge v. United States*, 369 U.S. 438 (1962).   If Mr. Hampton files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United

States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   It is

FURTHER ORDERED that the pending Application to Proceed in District Court Without Prepayment of Fees or Costs (Long Form) (ECF No. 3) is DENIED AS MOOT.

DATED June 22, 2017. at Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court